UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

PAMELA LOUISE FLEMING,

          Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

          Defendant.
_____

**DECISION AND ORDER**

1:19-CV-00028 EAW

## INTRODUCTION

Represented by counsel, plaintiff Pamela Louise Fleming ("Plaintiff") brings this action pursuant to Title XVI of the Social Security Act (the "Act"), seeking review of the final decision of the Commissioner of Social Security (the "Commissioner," or "Defendant") denying her application for supplemental security income ("SSI"). (Dkt. 1). This Court has jurisdiction over the matter pursuant to 42 U.S.C. § 405(g).

Presently before the Court are the parties' cross-motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure (Dkt. 11; Dkt. 16), and Plaintiff's reply (Dkt. 17). For the reasons discussed below, Plaintiff's motion (Dkt. 11) is granted, the Commissioner's motion (Dkt. 16) is denied, and the matter is remanded to the Commissioner for further administrative proceedings consistent with this Decision and Order.

## BACKGROUND

Plaintiff protectively filed her application for SSI on June 26, 2015. (Dkt. 5 at 187).[1] In her application, Plaintiff alleged disability beginning June 23, 2014, due to the following impairments: arthritis; diabetes; depression; breathing problems; chronic knee pain; chronic hip pain; nerve damage in feet; chronic pain in bilateral feet; carpel tunnel syndrome; high cholesterol; chronic pain in right elbow; arthritis; chronic obstructive pulmonary disease ("COPD"); arthritis in lower back; panic attacks; and sleep disorder. (*Id.* at 178-79).

Plaintiff's application was initially denied on September 22, 2015. (*Id.* at 196-207). At Plaintiff's request, a hearing was held before administrative law judge ("ALJ") Mary Mattimore in Buffalo, New York, on October 6, 2017. (*Id.* at 130-77). On December 4, 2017, the ALJ issued an unfavorable decision. (*Id.* at 112-29). Plaintiff requested Appeals Council review; her request was denied on November 13, 2018, making the ALJ's determination the Commissioner's final decision. (*Id.* at 5-8). This action followed.

## LEGAL STANDARD

### I. District Court Review

"In reviewing a final decision of the [Social Security Administration ("SSA")], this Court is limited to determining whether the SSA's conclusions were supported by

---

[1] When referencing the page number(s) of docket citations in this Decision and Order, the Court will cite to the CM/ECF-generated page numbers that appear in the upper righthand corner of each document.

substantial evidence in the record and were based on a correct legal standard." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (quotation omitted); *see also* 42 U.S.C. § 405(g). The Act holds that a decision by the Commissioner is "conclusive" if it is supported by substantial evidence. 42 U.S.C. § 405(g). "Substantial evidence means more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (quotation omitted). It is not the Court's function to "determine *de novo* whether [the claimant] is disabled." *Schaal v. Apfel*, 134 F.3d 496, 501 (2d Cir. 1998) (quotation omitted); *see also Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990) (holding that review of the Secretary's decision is not *de novo* and that the Secretary's findings are conclusive if supported by substantial evidence). However, "[t]he deferential standard of review for substantial evidence does not apply to the Commissioner's conclusions of law." *Byam v. Barnhart*, 336 F.3d 172, 179 (2d Cir. 2003) (citing *Townley v. Heckler*, 748 F.2d 109, 112 (2d Cir. 1984)).

## II.     Disability Determination

An ALJ follows a five-step sequential evaluation to determine whether a claimant is disabled within the meaning of the Act. *See Parker v. City of New York*, 476 U.S. 467, 470-71 (1986). At step one, the ALJ determines whether the claimant is engaged in substantial gainful work activity. *See* 20 C.F.R. § 416.920(b). If so, the claimant is not disabled. If not, the ALJ proceeds to step two and determines whether the claimant has an impairment, or combination of impairments, that is "severe" within the meaning of the Act, in that it imposes significant restrictions on the claimant's ability to perform basic work

activities. *Id*. § 416.920(c). If the claimant does not have a severe impairment or combination of impairments, the analysis concludes with a finding of "not disabled." If the claimant does have at least one severe impairment, the ALJ continues to step three.

At step three, the ALJ examines whether a claimant's impairment meets or medically equals the criteria of a listed impairment in Appendix 1 of Subpart P of Regulation No. 4 (the "Listings"). *Id*. § 416.920(d). If the impairment meets or medically equals the criteria of a Listing and meets the durational requirement (*id*. § 416.909), the claimant is disabled. If not, the ALJ determines the claimant's residual functional capacity ("RFC"), which is the ability to perform physical or mental work activities on a sustained basis, notwithstanding limitations for the collective impairments. *See id*. § 416.920(e).

The ALJ then proceeds to step four and determines whether the claimant's RFC permits the claimant to perform the requirements of his or her past relevant work. *Id*. § 416.920(f). If the claimant can perform such requirements, then he or she is not disabled. If he or she cannot, the analysis proceeds to the fifth and final step, wherein the burden shifts to the Commissioner to show that the claimant is not disabled. *Id*. § 416.920(g). To do so, the Commissioner must present evidence to demonstrate that the claimant "retains a residual functional capacity to perform alternative substantial gainful work which exists in the national economy" in light of the claimant's age, education, and work experience. *Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999) (quotation omitted).

**DISCUSSION**

**I.      The ALJ's Decision**

In determining whether Plaintiff was disabled, the ALJ applied the five-step sequential evaluation set forth in 20 C.F.R. § 416.920.  At step one, the ALJ noted that Plaintiff had worked after the application date on a part-time basis but that such work activity did not rise to the level of substantial gainful work activity.  (Dkt. 7 at 117). Consequently, the ALJ determined that Plaintiff had not engaged in substantial gainful work activity since June 26, 2015, the application date.  (*Id.*).

At step two, the ALJ found that Plaintiff suffered from the severe impairments of: "knee pain; hip pain; nerve damage and pain in the feet; diabetic neuropathy; carpal tunnel syndrome; arthritis; morbid obesity; bilateral tennis elbow; and COPD."  (*Id.*).  The ALJ further found that Plaintiff's medically determinable impairments of high cholesterol, diabetes, hypertension, plantar fascial fibromatosis, bone spur, gastroesophageal reflux disease, gout, and anxiety were non-severe.  (*Id.* at 117-19).

At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of any Listing.  (*Id.* at 119-20).  The ALJ particularly considered the criteria of Listings 1.02 and 3.02 in reaching her conclusion, as well as considering the effect of Plaintiff's obesity as required by SSR 02-1p.  (*Id.*).

Before proceeding to step four, the ALJ determined that Plaintiff retained the RFC to perform sedentary work as defined in 20 C.F.R. § 416.967(a), with the additional limitations that:

> except for 10 to 15 percent of the workday, [Plaintiff] can climb stairs, ramps, ladders, ropes, or scaffolds; balance; stoop; kneel; crouch; and crawl; and she can have no exposure to dust, smoke, gas, odors, other pulmonary irritants and poor ventilation.

(*Id.* at 120-24). At step four, the ALJ found that Plaintiff had no past relevant work. (*Id.* at 124).

At step five, the ALJ relied on the testimony of a vocational expert ("VE") to conclude that, considering Plaintiff's age, education, work experience, and RFC, there were jobs that exist in significant numbers in the national economy that Plaintiff could perform, including the representative occupations of food and beverage order clerk, charge account clerk, and call out operator. (*Id.* at 124-25). Accordingly, the ALJ found that Plaintiff was not disabled as defined in the Act. (*Id.* at 125).

## II.  <ins>Remand of this Matter for Further Proceedings is Necessary</ins>

Plaintiff asks the Court to reverse or, in the alternative, remand this matter to the Commissioner, arguing: (1) the Appeals Council improperly rejected additional medical evidence of Plaintiff's June 2018 total right hip replacement surgery; and (2) the RFC is unsupported by substantial evidence because it is based on the ALJ's lay interpretation of bare medical findings and because the ALJ improperly weighed the medical opinions of consultative examiner Dr. Hongbiao Liu and Plaintiff's treating physician Dr. Saleha Butt. (Dkt. 11-1). The Court has considered each of these arguments and, for the reasons discussed below, finds that the Appeals Council erred in rejecting evidence of Plaintiff's hip replacement surgery, and that this error necessitates remand for further administrative proceedings.

### A.   <u>Appeals Council Review</u>

Following her administrative hearing, Plaintiff submitted additional evidence documenting her total right hip replacement surgery on June 15, 2018. (*See* Dkt. 7 at 13-106). The Appeals Council stated that the report did not relate to the period of disability at issue, and therefore did not affect the decision as to whether Plaintiff was disabled beginning on or before December 4, 2017. (*Id.* at 6). Plaintiff argues remand is necessary because such evidence "directly undermined the ALJ's determination and related to the period at issue with regard to Plaintiff's severe hip condition, which was so severe that it necessitated a total replacement, and a condition which makes the ALJ's finding that Plaintiff could perform sedentary work completely baseless." (Dkt. 11-1 at 15).

The Appeals Council must consider "new" and "material" evidence if it "relates to the period on or before the date of the administrative law judge hearing decision" and there is "reasonable probability that the additional evidence would change the outcome of the decision." 20 C.F.R. § 404.970(a)(5). Medical evidence generated after an ALJ's decision cannot be deemed irrelevant solely based on timing. *Pollard v. Halter*, 377 F.3d 183, 193 (2d Cir. 2004). "For example, subsequent evidence of the severity of a claimant's condition may demonstrate that 'during the relevant time period, [the claimant's] condition was far more serious than previously thought.'" *Newbury v. Astrue*, 321 F. App'x 16, 18 n.2 (2d Cir. 2009) (quoting *Pollard*, 377 F.3d at 193)). However, evidence that does not provide additional information about the claimant's functioning during the relevant time period, but instead relates to his or her functioning at some later point in time, need not be

considered by the Appeals Council. *See Pulos v. Comm'r of Soc. Sec.*, 346 F. Supp. 3d 352, 362 (W.D.N.Y. 2018).

Here, the newly submitted evidence details Plaintiff's June 2018 right hip replacement surgery. (*See* Dkt. 7 at 13-106). The Appeals Council summarily rejected the new evidence, stating:

> The Administrative Law Judge decided your case through December 4, 2017. This additional evidence does not relate to the period at issue. Therefore, it does not affect the decision about whether you were disabled beginning on or before December 4, 2017.

(*Id.* at 6). To the extent that the Appeals Council rejected the evidence solely because the records postdated the ALJ's decision, the Appeals Council erred as a matter of law because "[a]dditional evidence may relate to the relevant time period even if it concerns events after the ALJ's decision, provided the evidence pertains to the same condition previously complained of by the plaintiff." *Hightower v. Colvin*, No. 12-CV-6475, 2013 WL 3784155, at *3 (W.D.N.Y. July 18, 2013) (citing *Brown v. Apfel*, 174 F.3d 59, 64-65 (2d Cir. 1999)). Here, Plaintiff's surgery took place just six months after the ALJ's decision and pertains to her hip condition, which she previously complained of. Accordingly, the evidence at issue relates to the relevant time period.

The records "were also material in the sense that, if considered by the Appeals Council, they would have undermined key aspects of the ALJ's decision." *Wilbon v. Colvin*, No. 15-CV-756-FPG, 2016 WL 5402702, at *6 (W.D.N.Y. Sept. 28, 2016). "Courts throughout the Second Circuit have held that evidence of a post-decision surgery may be relevant and material to whether a claimant was previously disabled." *Id.*; *see also Balke v. Barnhart*, 219 F. Supp. 2d 319, 321-22 (E.D.N.Y. 2002) (remanding for

- 8 -

consideration of new evidence showing that plaintiff underwent three surgeries subsequent to date of ALJ's decision); *Clemons v. Astrue*, No. 12-CV-269, 2013 WL 4542730, at \*7 (W.D.N.Y. Aug. 27, 2013) (remanding for consideration of new evidence consisting of plaintiff's arthroscopic surgery subsequent to date of ALJ's decision). "This is especially true where, as here, the ALJ discounted the claimant's credibility." *Wilbon*, 2016 WL 5402702, at \*6.

In his decision, the ALJ noted that Plaintiff's hearing testimony detailed her hip pain. Plaintiff testified that because she was unable to bend, her son assists with laundry. (Dkt. 7 at 155). Plaintiff also stated that she needs to sit or lean while washing the dishes (*id.* at 156), and when at work, she lies and states that she has to use the bathroom in order to take a break from standing (*id.* at 156-57). Plaintiff also noted that sitting for extended periods of time caused her sharp hip pain. (*Id.* at 167). The ALJ also noted that imaging revealed severe right hip degenerative changes and that various treatment records observed Plaintiff to have severe hip pain with decreased range of motion. (*Id.* at 7; *see also id.* at 472-73 (Dr. Najmul H. Khan noted that x-ray of Plaintiff's right hip joint shows severe arthritis and observed severe pain in hip joints with decreased range of motion on right side), 487 (x-ray of Plaintiff's hip indicated severe right hip degenerative changes "with marked superior joint space narrowing [and] subchondral sclerosis prominent osteophytic spurring")).

Despite acknowledging Plaintiff's hearing testimony and the medical evidence in the record consistent with her severe hip condition, the ALJ ultimately concluded that "a review of the overall record does not support the extent to which [Plaintiff] alleges she is

limited." (*Id.*). In significant part, the ALJ determined that Plaintiff's "routine and conservative" treatment weighed against a finding of disability because Plaintiff "only received medication for her pain without injections or surgical referrals" and had not "required emergency treatment or hospitalizations for her conditions." (*Id.* at 122). Moreover, the ALJ also rejected more severe limitations identified by Plaintiff's treating physician Dr. Butt, in part, based on Plaintiff's routine and conservative treatment. (*Id.* at 124).

However, just a few months after the date of the ALJ's decision, Plaintiff underwent a total right hip replacement surgery. (*See id.* at 34). The surgeon's operative note observed "[s]ignificant erosion of the femoral head and acetabulum with significant osteophyte formation around the acetabulum as well as the impinging femoral neck." (*Id.* at 48). Consequently, Plaintiff's June 2018 surgery confirms the severity of Plaintiff's right hip condition and calls into question the factual predicate for the ALJ's finding that Plaintiff was not fully credible. In other words, the ALJ's conclusion that Plaintiff's routine and conservative treatment was inconsistent with her allegations of disability and the medical evidence in the record is undermined by Plaintiff's surgery.

The Court is not persuaded by the Commissioner's argument that remand is unnecessary because the June 2018 surgery is "evidence of the subsequent deterioration of the previously non-disabling condition." (Dkt. 16-1 at 14). Plaintiff's treatment records consistently documented Plaintiff's reports of severe hip pain and Plaintiff's examinations revealing severe arthritis and decreased range of motion in Plaintiff's right hip. (*See* Dkt. 7 at 440-41, 469, 472-73, 483). As such, the surgery does not evidence a separate and

distinct deterioration of Plaintiff's hip. Considering Plaintiff's surgery took place just six months after the date of the ALJ's decision, the records at issue are material because they undermine key aspects of the ALJ's decision, including the ALJ's credibility analysis and rejection of limitations identified by Dr. Butt. Accordingly, remand on this basis is warranted. *See, e.g., Steven N. v. Berryhill*, No. 1:17-cv-00427, 2018 WL 6629681, at *10 (W.D.N.Y. Dec. 19, 2018) (remand necessary to consider new evidence consisting of doctor's opinion that plaintiff's condition deteriorated and required further surgery because it undermined ALJ's determination that plaintiff's improvement was inevitable); *Wilbon*, 2016 WL 5402702, at *6 (remand necessary to consider new evidence consisting of doctor's report which documented plaintiff's subsequent surgery and worsening condition because it confirmed "[p]laintiff's hearing testimony and undermine[d] the ALJ's credibility analysis"); *Clemons*, 2013 WL 4542730, at *7 (remand necessary to consider new evidence consisting of MRI reports and subsequent arthroscopic surgery because such evidence sheds new light on seriousness of plaintiff's condition).

### B. Plaintiff's Remaining Arguments

As set forth above, Plaintiff has identified additional reasons why she contends the ALJ's decision was not supported by substantial evidence. However, because the Court has already determined, for the reasons previously discussed, that remand of this matter for further administrative proceedings is necessary, the Court declines to reach these issues. *See, e.g., Bell v. Colvin*, No. 5:15-CV-01160 (LEK), 2016 WL 7017395, at *10 (N.D.N.Y. Dec. 1, 2016) (declining to reach arguments "devoted to the question whether substantial evidence supports various determinations made by [the] ALJ" where the court had already

determined remand was warranted); *Morales v. Colvin*, No. 13cv06844 (LGS) (DF), 2015 WL 2137776, at *28 (S.D.N.Y. May 4, 2015) (the court need not reach additional arguments regarding the ALJ's factual determinations "given that the ALJ's analysis may change on these points upon remand").

## **CONCLUSION**

For the foregoing reasons, Plaintiff's motion for judgment on the pleadings (Dkt. 11) is granted to the extent that the matter is remanded to the Commissioner for further administrative proceedings consistent with this Decision and Order. The Commissioner's motion for judgment on the pleadings (Dkt. 16) is denied. The Clerk of Court is directed to enter judgment and close this case.

SO ORDERED.

ELIZABETH A. WOLFORD
United States District Judge

Dated: May 5, 2020
Rochester, New York